IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2010 SEP -7  P 3: 20
CLERK'S OFFICE
AT GREENBELT
BY____ ns ____DEPUTY

| | | |
|---|---|---|
| JAMES COOKE, | ) | State No. 060200174002010 |
| | ) | |
| Plaintiff, | ) | Fed. No. |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CORELOGIC SAFERENT, | ) | AW10 CV 2463 |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant CoreLogic SafeRent (hereinafter "SafeRent") hereby removes this action from the Maryland District Court for Montgomery County, Maryland to the United States District Court for the District of Maryland. SafeRent further states that:

**I.  This action is removable because the complaint poses a federal question over which this Court has original jurisdiction.**

1. Plaintiff filed a complaint against SafeRent in the Maryland District Court for Montgomery County, Maryland on July 28, 2005. Ex. 1 (Plaintiff's complaint).

2. Plaintiff's Complaint alleged that "Defendant is in willful noncompliance of the Fair and Accurate Credit Transaction Act and the Fair Credit Reporting Act." Id.

3. The FACTA and the FCRA are both federal statutes. The FCRA is a federal law that governs the duties and obligations of credit reporting agencies, creditors, and consumers. See 15 U.S.C. §1681 et seq. The FACTA is a set of 2003 amendments to the FCRA. See Pub.L. 108-159, available at: http://www.ustreas.gov/offices/domestic-finance/financial-institution/cip/pdf/fact-act.pdf.

4. Because the FACTA and the FCRA are federal laws, this Court has original jurisdiction over Plaintiff's allegation that SafeRent violated them. 15 U.S.C. § 1331.

5. Because this Court has original jurisdiction over Plaintiff's allegation, Plaintiff's Complaint is subject to removal to this Court. 15 U.S.C. § 1441.

II. **This action is removable because SafeRent's notice of removal is being timely filed.**

6. SafeRent was served with Plaintiff's Complaint on August 6, 2010. Ex. 1.

7. SafeRent had to remove this action to this Court within thirty (30) days after service, or by September 7, 2010. 15 U.S.C. § 1446(b).

8. SafeRent's notice of removal is timely because it is being filed on or before September 7, 2010.

III. **This action is removable because SafeRent is meeting its duties associated with removal.**

9. SafeRent is attaching "a copy of all process, pleadings, and orders served upon" it and is thereby complying with 15 U.S.C. §1446(a). See Ex. 1 (Plaintiff's complaint); Ex. 2 (SafeRent's answer); Ex. 3 (subsequent order of Maryland court postponing hearing).

10. SafeRent is serving a Notice of Notice of Removal on the Maryland court and on the Plaintiff and is thereby complying with 15 U.S.C. § 1446(d). See Ex. 4.

Dated:  September 7, 2010

Respectfully submitted,

_____
Brian A. Hill (Bar No. 27400)
Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005
(202) 626-6014

Jason A. Spak (PA No. 89077; *pro hac vice* admission forthcoming)
Picadio Sneath Miller & Norton, P.C.
U.S. Steel Building, Suite 4710
600 Grant Street
Pittsburgh, PA  15219
(412) 288-4385

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2010, I served a true and correct copy of the foregoing NOTICE OF REMOVAL, together with all exhibits and attachments thereto, by sending the same via first class United States mail, postage prepaid, to:

> District Court for Montgomery County, Maryland
> 8552 Second Avenue
> Silver Spring, MD 20910

> James Cooke
> P.O. Box 14902
> Silver Spring, MD 20911

_____
Brian A. Hill